UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WINSTON D. SYNDAB, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:21-cv-00205-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN GOMEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

*** *** *** ***

Petitioner Winston D. Syndab is a federal inmate currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Mr. Syndab has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.]¹ However, Mr. Syndab has not paid the $5.00 filing fee required by 28 U.S.C. § 1914, nor did he move for leave to proceed *in forma pauperis* or submit a copy of a BP-199 Form showing that payment of the filing fee has been requested. Thus, denial of Mr. Syndab's petition is warranted on these grounds alone.

Even so, the Court has reviewed the merits of Mr. Syndab's petition and finds that dismissal is warranted for lack of jurisdiction. The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of

---

¹ Although Mr. Syndab originally filed his motion in the United States District Court for the District of South Carolina, a habeas petition must be filed in the district court where the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Because USP-McCreary is located in this judicial district, the action was transferred to this Court. [R. 18, 21.]

the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

# I

In March 2008, pursuant to a plea agreement with the United States, Mr. Syndab pled guilty in the United States District Court for the District of South Carolina to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846 (Count 1 of the Indictment) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 4).  In December 2008, Mr. Syndab was sentenced to a term of imprisonment of 360 months as to Count 1 and 60 months consecutive as to Count 4, for a total term of imprisonment of 420 months.  *United States v. Syndab*, No. 4:07-cr-486-TLW-1 (D.S.C. 2007).  Mr. Syndab's conviction and sentence were affirmed on appeal to the United States Court of Appeals for the Fourth Circuit.  *United States v. Syndab*, 348 F. App'x 852, 853 (4th Cir. 2009).

In June 2014, Mr. Syndab filed a motion to alter, amend, or vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, in which he argued that three of his prior convictions upon which his designation as a Career Offender under the Sentencing Guidelines was based – assault and battery of a high and aggravated nature, failure to stop for a blue light, and criminal domestic violence of a high and aggravated nature – no longer qualify as predicate offenses under *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *United States v. Hemingway*, 734 F.3d 541 (4th Cir. 2013).  *United States v. Syndab*, No. 4:07-cr-486-TLW-1 (D.S.C. 2007).  In February 2016, the sentencing Court denied Mr. Syndab's motion, finding that: 1) his § 2255 motion was untimely; 2) in *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015), the Fourth

Circuit concluded that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255; and 3) "even if the career offender enhancement had been erroneously applied and could be corrected on collateral attack, it still would not help him, as his PSR included a cross-reference to first degree murder, resulting in a base offense level of 43." *Id*. at R. 270 (Order denying Motion to Vacate), 3-4.  The Court also noted that Syndab "had 15 criminal history points, which was more than enough to result in a criminal history category of VI independent of the career offender enhancement." *Id*. at 4.[2]

In June 2016, Mr. Syndab filed a motion for authorization to file a second or successive § 2255 motion with the Fourth Circuit, requesting permission to file a § 2255 motion to seek relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2251), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague.  *In re: Winston Douglas Syndab*, No. 16-9238 (4th Cir. June 23, 2016 Order).  However, the Fourth Circuit denied Mr. Syndab's request, concluding that the decision in *Johnson* does not affect his sentence.  *Id*.

In August 2019, Mr. Syndab filed a motion to reduce his sentence pursuant to the First Step Act of 2018.  *United States v. Syndab*, No. 4:07-cr-486-TLW-1 (D.S.C. 2007) at R. 299. Mr. Syndab's motion was denied by the sentencing court in July 2020.  Although the Court found that Mr. Syndab was eligible for a sentence reduction, it further concluded that a reduction was not appropriate for Mr. Syndab.  As part of its Order, the Court offered insight into the basis for Mr. Syndab's original sentence, explaining that

---

[2] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

> [Syndab's] statutory sentencing range on Count 1 was 10 years to Life, followed by at least 5 years of supervised release. PSR ¶¶ 91, 96. His Guidelines range at sentencing, however, was not driven by his drug weight. Instead, it was driven by a cross-reference to first degree murder pursuant to § 2A1.1. PSR ¶ 59. Additionally, he was designated a career offender. As a result, his Guidelines range calculated pursuant to § 4B1.1(c)(2)(A) was 420 months to Life, followed by 5 years of supervised release. PSR ¶¶ 92, 99. The Court imposed a sentence of 420 months, consisting of 360 months on Count 1 and 60 months consecutive on Count 4, followed by concurrent 5-year terms of supervised release on each count. ECF No. 181.

*Id*. at R. 304 (Order denying Motion to Reduce Sentence), 1-2. The Court then concluded that, notwithstanding his eligibility, a sentence reduction was not appropriate, explaining:

> There are several reasons why the Court has reached this conclusion, including (1) his lengthy history of violence was notably demonstrated in this case when he murdered another drug dealer during an ill-fated robbery attempt, resulting in a Guidelines cross-reference to first degree murder, PSR ¶¶ 11–12; (2) his lengthy, violent record includes convictions for ABHAN (two convictions), PSR ¶¶ 31, 34 (assault on corrections officer); CDVHAN, PSR ¶ 33; burglary, PSR ¶ 36; and numerous simple assaults, PSR ¶¶ 32, 35, 39; as well as a juvenile adjudication for AHAN, PSR ¶ 28 (attack on student); (3) he would be in a criminal history category VI even without the career offender designation; (4) he was convicted on a § 924(c) count; (5) he was on probation when he committed the instant offense; and (6) as the Court noted at the original sentencing, the Court "can only reach the conclusion that he's dangerous," Sent. Tr. 30:14–15.

*Id*. at 3-4.

Mr. Syndab now seeks relief from his sentence in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. To be sure, Mr. Syndab's § 2241 petition is a bit difficult to follow, as he submits his claims using multiple forms (with separate supporting memorandum). [R. 1.] However, throughout his submissions, Mr. Syndab is clear that he seeks relief in light of the United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). [R. 1.] Specifically, Mr. Syndab argues that he was improperly sentenced as a career offender in violation of his Fifth Amendment Due Process rights. [R. 1 at 3, 20.] Mr. Syndab argues that "his prior convictions for assault and battery of a high and aggravated nature, failure to stop for a

4

blue light, and criminal domestic violence of a high and aggravated nature are not a crime of violence; because they fall under the 'residual clause' for career offenders, United States Sentencing Guidelines (USSG) Section 4B1.2(a)(2), in light of *Johnson*." [R. 1 at 23; R. 1-4 at 1-2.] Mr. Syndab also invokes *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010) (overruling *United States v. James*, 337 F.3d 387 (4th Cir. 2003)), *United States v. Hemingway*, 735 F.3d 323 (4th Cir. 2013) and *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). [R. 1 at 13, 17, 24-29, 37-39, 43-44]

Mr. Syndab may only pursue these claims for relief in a § 2241 petition via the "savings clause" provision of 28 U.S.C. § 2255(e). However, the Court must dismiss Mr. Syndab's § 2241 petition for lack of subject-matter jurisdiction because Mr. Syndab cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

## II

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his

5

conviction or sentence must file a motion under § 2255 in the court that sentenced him. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, a petitioner challenging his sentence must show that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Under *Hill*, a prisoner may only challenge his sentence in a § 2241 petition filed pursuant to § 2255(e) if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit has further made it clear that the retroactive case of statutory interpretation upon which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See id*. at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek

6

habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court). Finally, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to do so mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Mr. Syndab does not meet these requirements. First, Mr. Syndab does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to proceed with his claim in a § 2241 petition via the savings clause of § 2255(e). *See Hill*, 836 F.3d at 600; *Hueso*, 948 F.3d at 326. Mr. Syndab relies on the Supreme Court's decision in *Johnson*, which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally "void for vagueness" under the Due Process Clause of the Fifth Amendment.[3] However, *Johnson* is a case of constitutional – not statutory – interpretation. Accordingly, it must be asserted (if at all) in a petition filed pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F.

---

[3] In *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886 (2017), the Supreme Court held that the residual clause of U.S.S.G. § 4B1.2(a)(2) is not susceptible to a constitutional challenge on the same grounds because of the advisory nature of the Sentencing Guidelines post-*United States v. Booker*, 543 U.S. 220 (2005). *Beckles*, 137 S. Ct. at 894.

3d 375, 377 (6th Cir. 2015). Because a claim based on a new rule of constitutional law may be asserted in a second or successive motion certified under § 2255(h)(2), that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss*, 115 F. App'x at 773-74; *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Mr. Syndab also seeks relief based on the Fourth Circuit's decisions in *Rivers*, *Hemingway*, and *Davis*, but these are not Supreme Court decisions. In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added).

Nor has Mr. Syndab "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. In fact, Mr. Syndab's request for authorization to seek relief based on *Johnson* was specifically rejected by the Fourth Circuit, based on its conclusion that Mr. Syndab's sentence is unaffected by *Johnson*. This rejection does not mean that § 2255 was "inadequate or ineffective" to test his sentence. *Wright*, 939 F.3d at 706. Because Mr. Syndab cannot show "he had no prior reasonable opportunity to bring his argument for relief," *id*. at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

Finally, Mr. Syndab cannot show that his sentence represents "an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect" as required by *Hill*. 836 F.3d at 595. First, in *Hill*, the Sixth Circuit further expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." 836 F.3d at 599. Mr. Syndab was sentenced in 2008, well after the Supreme Court's

8

decision in *Booker* rendered the sentencing guidelines advisory rather than mandatory. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

In addition, the Court that sentenced Mr. Syndab has repeatedly made clear that Mr. Syndab's criminal history category would have been VI independent of the career offender enhancement, in light of the cross-reference to first degree murder. *United States v. Syndab*, No. 4:07-cr-486-TLW-1 (D.S.C. 2007) at *Id.* at R. 270 (Order denying Motion to Vacate), p. 3-4; R. 304 (Order denying Motion to Reduce Sentence). Thus, even if Mr. Syndab were correct that he was improperly classified as a career offender under the sentencing guidelines, his sentence would be no different.

For all of these reasons, Mr. Syndab cannot establish that a § 2255 motion is inadequate or ineffective to challenge his sentence, thus he may not proceed in this matter via the savings clause of § 2255(e). Accordingly, this Court may not entertain his § 2241 petition and must dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

## III

Accordingly, for the reasons provided and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Syndab's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction;

2. This action is **STRICKEN** from the Court's docket; and

3. Judgment shall be entered accordingly.

This 24th day of January, 2022.

Gregory F. Van Tatenhove
United States District Judge